# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2938
_____

United States of America

*Plaintiff - Appellee*

v.

Antonio Dontez Hoffman, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: December 15, 2025
Filed: July 17, 2026
[Unpublished]
_____

Before LOKEN, L.R. SMITH, and KOBES, Circuit Judges.
_____

PER CURIAM.

Antonio Dontez Hoffman and a co-conspirator burglarized the home of a family friend during the friend's funeral, stealing many firearms and ammunition, including assault rifles with extended magazines. They then sold many of these guns on the black market. Hoffman pleaded guilty to being a felon in possession of a

firearm in violation of 18 U.S.C. § 922(g)(1). His criminal history includes convictions for possessing a stolen pistol and strangling the mother of his child.

At sentencing, the district court[1] determined that Hoffman's advisory guidelines sentencing range is 100 to 125 months imprisonment. Hoffman requested a downward departure from the Guidelines range, arguing his criminal history is overrepresented because it is recent and occurred over a short period, and he has an "extraordinary physical impairment" -- he has been diagnosed with "left ventricular non-compaction" and will need a heart transplant in the next five to eight years. See USSG §§ 4A1.3(b), 5H1.4 (2023).

The district court explicitly considered the sentencing factors in 18 U.S.C. § 3553(a) and considered mitigating factors noted by Hoffman, including his age (21), tumultuous upbringing, support from friends and family, and recent trauma from the death of his child. The court disagreed with Hoffman's assertion that many of his criminal history offenses occurred after the assault conduct at issue; in particular, he strangled the mother of his child the month before the instant offense, though it was not charged until after this offense had occurred. The district court also considered Hoffman's need for treatment of his heart condition a mitigating factor but found that it is treatable and does not rise to the level of an extraordinary physical impairment. The court concluded that the severity of Hoffman's offense conduct combined with his criminal history warranted a within-Guidelines-range sentence, denied the requested downward departure, and sentenced Hoffman to 110 months imprisonment. Hoffman appeals, arguing the district court erred in denying his downward departure request and imposed a substantively unreasonable sentence. We affirm.

---

[1]The Honorable Stephen H. Locher, United States District Judge for the Southern District of Iowa.

1. "A district court's decision to deny a downward departure is unreviewable unless the district court had an unconstitutional motive or erroneously thought that it was without authority to grant the departure." United States v. Angeles-Moctezuma, 927 F.3d 1033, 1037 (8th Cir. 2019) (cleaned up). There is no claim of (and no basis to claim) an unconstitutional motive in this case. The court's careful consideration of Hoffman's reasons for requesting a downward departure made it clear the court understood it was not without authority to grant the request. Because the district court was aware of its authority and Hoffman does not argue an unconstitutional motive, this argument is unreviewable on appeal.

2. Hoffman argues that his sentence is substantively unreasonable because, in deciding to impose a within-Guidelines-range sentence, the court failed to give proper weight to the above-described mitigating factors, while giving too much weight to the nature of the offense conduct and his criminal history. We review the substantive reasonableness of a sentence under "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). "[I]t will be the unusual case when we reverse a district court sentence -- whether within, above, or below the applicable Guidelines range -- as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc). "When a sentence is within the advisory guidelines range, we presume that it is reasonable." United States v. Maati, 144 F.4th 1080, 1087 (8th Cir. 2025) (citations omitted).

The district court did not abuse its discretion by weighing the 18 U.S.C. § 3553(a) factors differently than Hoffman preferred. "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009). Given the severity of the offense conduct -- burglarizing a friend's home during her funeral and then selling stolen assault rifles on the black market -- together with a criminal history that includes violent and firearm offenses as a young adult, Hoffman does not convince us, as he failed to

convince the district court, that he warranted a below-Guidelines-range sentence. Accordingly, his 110-month sentence is not substantively unreasonable.

The judgment of the district court is affirmed.

_____